LAW OFFICE OF MICHAEL P. KALISH

MICHAEL P. KALISH     #7337-0
735 Bishop Street, Suite 219
Honolulu, Hawaii 96813
Telephone: (808) 538-0088
Facsimile: (808) 550-8899
Email: mpkalish.esq@gmail.com

Attorney for Plaintiff
JOANNE CROSS

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOANNE CROSS,<br><br>         Plaintiff,<br><br>    vs.<br><br>SCOTT C. ARAKAKI; KESSNER DUCCA UMEBAYAHSI BAIN & MATSUNAGA, Attorneys at Law, A Law Corporation; THE PACIFIC LAW GROUP, Attorneys at Law, A Law Corporation,<br><br>         Defendants. | Civil Action No. CV06 00458 SPK KSC<br>COMPLAINT AND DEMAND FOR JURY TRIAL; EXHIBITS A-C; SUMMONS<br>(Unlawful Debt Collection Practices) |

COMPLAINT

I. INTRODUCTION

1.    This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and Hawaii Revised Statutes, §§ 480-2 and 480-13, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

II. JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337,

and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C §§ 2201 and 2202. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff, JOANNE CROSS ("Plaintiff Cross"), is a natural person, sixty-eight years of age, who at all relevant times herein was a resident of Honolulu, Hawaii.

4. Defendant, KESSNER DUCCA UMEBAYAHSI BAIN & MATSUNAGA, Attorneys at Law, a law corporation, ("Defendant Kessner") is Hawaii law corporation engaged in the business of collecting debt in this state with its principal place of business located at 19th Floor, Central Pacific Plaza, 220 South King Street, Honolulu, Hawaii 96813. A principal purpose of Defendant Kessner is the collection of debts in this state and defendant regularly attempts to collect debts alleged to be due another.

5. Defendant, THE PACIFIC LAW GROUP, Attorneys at Law, a law corporation, ("Defendant Pacific Law Group") is a Hawaii law corporation engaged in the business of collecting debt in this state with its principal place of business located at 745 Fort Street, Suite 1415, Honolulu, Hawaii 96813. A principal purpose of Defendant Pacific Law Group is the collection of debts in this state and defendant regularly attempts to collect debts alleged to be due another.

6. Defendant SCOTT C. ARAKAKI ("Defendant Arakaki") is a natural person employed by Defendant Kessner and/or by Defendant Pacific Law Group as a collector at all times relevant to this complaint.

7. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a (6).

## IV. FACTUAL ALLEGATIONS

8. On July 14, 2005, Defendant Arakaki caused to be filed in the District Court of the First Circuit, Honolulu Division, State of Hawaii, a Complaint for Summary Possession and Damages for failure to pay rent naming Impac Realty, Inc. as plaintiff and Plaintiff Cross as defendant. Attached to the Complaint as Exhibit 1 was a letter signed Douglas T. W. Chang, property manager ("Mr. Chang"), demanding payment of rents allegedly owed by Plaintiff Cross because - according to Mr. Chang's letter - he had previously returned to Plaintiff Cross her rent payment. A copy of the Complaint and its exhibits are attached hereto as Exhibit A. On the face of the Complaint, Defendant Pacific Law Group and Defendant Arakaki are named as the filing parties. The alleged debt of Plaintiff Cross claimed in Exhibit A was incurred for personal, family, or household service, i.e. residential rent.

9. On August 23, 2005, Defendant Arakaki filed in the District Court of the First Circuit, Honolulu Division, State of Hawaii, an Ex Parte Motion for Service of Process by Posting and by Certified Mail which was granted the same day by the Honorable Barbara P. Richardson of the District Court of the First Circuit, Honolulu Division, State of Hawaii. A copy is attached hereto as Exhibit B. On the face of said motion, Defendant Pacific Law Group and Defendant Arakaki are named as the filing parties.

10. Exhibits A and B were served on Plaintiff Cross on Sunday, August 28, 2005 by posting. Specifically, Plaintiff Cross returned home that day to her apartment located at 1867 Kaioo Drive, #109, Honolulu, Hawaii 96815 and found taped to her front door Exhibits A and B. The documents were not enclosed in any type of envelope but, rather, were taped to Plaintiff Cross's door in such manner that any member of the general public passing by could view and read their contents.

11. Subsequently, Plaintiff Cross received a letter from Defendant Arakaki on

Defendant Kessner's letterhead dated August 25, 2005, stating that although monies paid by Plaintiff Cross to Defendant Arakaki's client would be applied to the alleged past due rent and attorneys' fees and costs, Defendant Arakiki was moving forward with a suit against Plaintiff Cross for Summary Possession for failure to pay rent. A copy of Defendants' letter is attached hereto as Exhibit C.

12. As result to the acts alleged above, Plaintiff Cross suffered headaches, anxiety, worry, loss of happiness, embarrassment , humiliation, injury to reputation, loss of privacy, and humiliation.

## V. FIRST CLAIM FOR RELIEF

13. Plaintiff Cross repeats and realleges and incorporates by reference paragraphs one through twelve above.

14. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   (a) The Defendants violated 15 U.S.C. § 1692g by failing to send Plaintiff Cross a validation notice within five days of the initial communication.

   (b) The Defendants violated 15 U.S.C § 1692e(11) by failing to include the warning : "This is an attempt to collect a debt and any information obtained will be used for that purpose" in their communications, both oral and written, with Plaintiff Cross.

   (c) The Defendants violated 15 U.S.C. § 1692e(2) in that their communications to Plaintiff Cross contained false impressions of the character, amount, and/or legal status of the alleged debt.

   (d) The Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect attorney fees not authorized by the agreement creating the debt or permitted by law.

   (e) The Defendants violated 15 U.S.C. §1692d preface by engaging in other conduct the

4

natural consequence of which is to harass, oppress, or abuse Plaintiff Cross in connection with the collection of the alleged debt; to wit, the posting of the Complaint, Motion, and debt collection letters on Plaintiff Cross's door in such a manner that any member of the general public passing by could read them.

15. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA, and Plaintiff Cross's actual damages, statutory damages, and costs and attorney's fees.

## VI. SECOND CLAIM FOR RELIEF

16. Plaintiff Cross repeats and realleges and incorporates by reference the foregoing paragraphs.

17. Defendants' violations of 15 U.S.C. § 1692 *et seq.* constitute violations of Hawaii Revised Statutes Chapter 480.

18. As a result of the above violations of Hawaii Revised Statutes Chapter 480, the Defendants are liable to Plaintiff Cross for injunctive and declaratory relief and for actual damages, statutory damages, and attorney's fees and costs.

WHEREFORE, Plaintiff Cross respectfully prays that judgment be entered against the Defendants for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA, and declaratory and injunctive relief for the defendants' violations of Hawaii Revised Statutes Chapter 480.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1629k.

D. Statutory damages pursuant to Hawaii Revised Statutes § 480-13.

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Hawaii

5

Revised Statutes §480-13(b)(1).

 F. For such other and further relief as may be just and proper.

DATED: Honolulu, Hawaii, AUG 23 2006 .

MICHAEL P. KALISH
735 Bishop Street, Suite 219
Honolulu, Hawaii 96813

Attorney for Plaintiff
JOANNE CROSS

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

MICHAEL P. KALISH
Attorney for Plaintiff
JOANNE CROSS

6